Query    Reports    Utilities    Help    Log Out

LR16.2 TR4

# U.S. District Court
## Western District of Tennessee (Memphis)
## CIVIL DOCKET FOR CASE #: 2:26-cv-02240-SHL-tmp

Deburro v. Fedex Express Corporation et al
Assigned to: Chief Judge Sheryl H. Lipman
Referred to: Chief Magistrate Judge Tu M. Pham
Cause: 28:1332 Diversity-Other Contract

Date Filed: 03/06/2026
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

### Plaintiff

**David R Deburro**
*individually and on behalf of all others similarly situated*

represented by **J. Gerard Stranch , IV**
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue
Freedom Building
Ste 200
Nashville, TN 37203
615-254-8801
Fax: 615-250-3937
Email: gstranch@stranchlaw.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Federal Express Corporation**

### Defendant

**FedEx Logistics, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/06/2026 | 1 | COMPLAINT against All Defendants (Filing fee $ 405 receipt number ATNWDC-4906236), filed by David R Deburro. (Attachments: # 1 Summons, # 2 Summons, # 3 Civil Cover Sheet)(Stranch, J.) (Entered: 03/06/2026) |
| 03/06/2026 | 2 | Chief Judge Sheryl H. Lipman and Chief Magistrate Judge Tu M. Pham added. (mf) (Entered: 03/09/2026) |
| 03/06/2026 | 3 | NOTICE TO COMPLY WITH PLAN FOR ALTERNATE DISPUTE RESOLUTION (ADR): Pursuant to Section to 2.1 of the ADR Plan, all civil cases filed on or after Sept. 1, 2014, shall be referred automatically for ADR. For compliance requirements, refer to the ADR Plan at: http://www.tnwd.uscourts.gov/pdf/content/ADRPlan.pdf (mf) (Entered: 03/09/2026) |
| 03/06/2026 | 4 | NOTICE OF CASE TRACKING ASSIGNMENT PURSUANT TO LOCAL RULE 16.2: Pursuant to Local Rule 16.2, this case has been assigned to the Standard track. |

| | | |
|---|---|---|
| | | http://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (mf) (Entered: 03/09/2026) |
| 03/06/2026 | 5 | NOTICE OF RIGHT TO CONSENT TO THE EXERCISE OF CIVIL JURISDICTION BY A MAGISTRATE JUDGE Pursuant to 28 U.S.C. 636(c), Fed.R.Civ.P.73, and Local Rule 72.1, this Court has designated the Magistrate Judges of this District to conduct trials and otherwise dispose of any civil case that is filed in this Court. Your decision to consent, or not consent, to the referral of your case to a United States Magistrate Judge for trial and entry of a final judgment must be entirely voluntary. The judge or magistrate judge to whom the case has been assigned will not be informed of your decision unless all parties agree that the case may be referred to a magistrate judge for these specific purposes. A less than unanimous decision will not be communicated by this office to either the judge or magistrate judge. The consent form (form AO 85) is available on the US Courts website at https://www.uscourts.gov/forms-rules/forms. (mf) (Entered: 03/09/2026) |
| 03/09/2026 | 6 | Summons Issued as to FedEx Logistics, Inc., Federal Express Corporation. The filer has been notified electronically that the summons has been issued, and the new docket entry reflects this. Upon notification of the new docket entry, the filer is to print the issued summons in order to effect service. (mf) (Entered: 03/09/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/10/2026 16:01:15 | | | |
| **PACER Login:** | jayanchunis9844 | **Client Code:** | fedex |
| **Description:** | Docket Report | **Search Criteria:** | 2:26-cv-02240-SHL-tmp |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **DAVID R. DEBURRO, individually and on behalf of all others similarly situated,**<br><br>*Plaintiff,*<br><br><br>v.<br>**FEDERAL EXPRESS CORPORATION, and FEDEX LOGISTICS, INC.,**<br><br>*Defendants.* | Case No.:_____<br><br><br>**JURY DEMAND** |

## CLASS ACTION COMPLAINT

Plaintiff David R. DeBurro ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendants Federal Express Corporation and FedEx Logistics, Inc. (collectively, "Defendants" or "FedEx") and alleges, upon personal knowledge as to Plaintiff's own actions and to counsels' investigation, and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1.      For almost a year, the federal government charged tariffs on certain products imported into the United States, under the International Emergency Economic Powers Act ("IEEPA"). On February 20, 2026, the Supreme Court of the United States held that those tariffs were not authorized by IEEPA and were thus invalid—in other words, they were illegal. In many situations, like the one at issue in this case, the party that ultimately had paid the tariff was undisputedly the consumer. Consequently, those consumers are entitled to a refund of the tariffs paid. That is true regardless of whether the entities that charged consumers the tariffs and which

took their money to pay the tariffs, and which then paid that money to the United States as the "importers of record," ultimately receive a refund from the United States. But it is especially true when those entities do receive a refund—and several of those entities have already sued to receive such a refund.

## PARTIES, JURISDICTION & VENUE

2.      Plaintiff David R. DeBurro is a resident citizen of the State of Massachusetts. Plaintiff has purchased goods through private carriers such as the Defendants and was required to pay tariffs for the shipment of goods coming from other countries. Those tariffs were collected by the Defendants, as the "importer of record," and then paid to the United States.

3.      Defendant, Federal Express Corporation is a Delaware corporation with its principal place of business in Memphis, Tennessee. Federal Express Corporation is a wholly-owned subsidiary of FedEx Corporation, a Delaware holding company, and operates FedEx's express transportation and international shipping services. When goods are shipped internationally into the United States through FedEx's shipping services, Federal Express Corporation transports the goods and, through its affiliate FedEx Logistics, Inc., provides customs brokerage services and serves as the importer of record for consumer shipments processed as informal entries.

4.      Defendant FedEx Logistics, Inc. is a New York corporation with its principal place of business in Memphis, Tennessee. FedEx Logistics, Inc. is a wholly-owned subsidiary of FedEx Corporation and an affiliate of Federal Express Corporation, operating under common ownership and control. FedEx Logistics, Inc. is a licensed customs broker that serves as the importer of record and filer of entry for consumer shipments transported through FedEx's international shipping services, including, upon information and belief, Plaintiff's shipment at issue in this action. Upon information and belief, FedEx Logistics, Inc. advanced the IEEPA duties, then collected the advance from consumers and is now seeking recovery of the IEEPA duties that were funded by consumers, including

2

Plaintiff and proposed Class members. Federal Express Corporation and FedEx Logistics, Inc. are referred to collectively herein as "FedEx" or "Defendants."

5. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from each Defendant.

6. The Court has jurisdiction to enter declaratory relief under 28 U.S.C. § 2201 because an actual controversy exists between the parties regarding FedEx's obligation to return to the consumers who paid them the IEEPA duties and fees FedEx collected, as well as any IEEPA duty refunds FedEx recovers from the United States.

7. This Court has personal jurisdiction over Defendants, because their principal place of business is in this District. Defendants have also purposefully availed themselves of the laws, rights, and benefits of the State of Tennessee.

8. Venue is proper under 28 U.S.C. § 1391 because a Defendants maintain a principal place of business in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in and emanated from this District.

## FACTUAL ALLEGATIONS

9. This is a class action seeking restitution, damages, and equitable relief arising from Defendants unlawfully charging and collecting tariff-related fees from Plaintiff and thousands of similarly situated consumers and businesses throughout the United States.

10. Defendants operate as common carriers and customs brokers, providing shipping, logistics, and import clearance services for goods transported into the United States. In that capacity, Defendants routinely charged their customers purported "duties," "tariffs," and related

3

surcharges as part of the importation and delivery process.

11.     Section 321(a)(2)(C) of the Tariff Act of 1930, as amended, includes a subsection commonly known as the *de minimis* exemption, which authorizes the Secretary of the Treasury to waive certain duties, fees, and other taxes on certain low-value imports.

12.     In 2024, for example, there were nearly four million low-value imports a day, and roughly 1.3 billion overall.[1]

13.     In or around August 2025, the federal government ended the *de minimis* exemption for low-value imports, which had allowed shipments under $800.00 to enter the United States duty-free. *See* Executive Order 14324. As a result, every shipment, regardless of its value, country of origin, mode of transportation, or method of entry, became subject to duties, taxes, and processing fees.

14.     Beginning in 2025, Defendants imposed and collected tariff-related charges purportedly authorized under the IEEPA via U.S. Customs and Border Protection ("CBP").

15.     In its capacity as an importer of record, upon information and belief, Defendants advanced duties, taxes, and fees authorized by IEEPA to CBP on behalf of the recipient of the imported goods.

16.     Defendants then billed the consumers directly for those charges.

17.     The consumer bore the economic burden of the tariff, not Defendants.

18.     On February 20, 2026, the Supreme Court of the United States held that IEEPA does not authorize the United States to impose tariffs and that such tariffs were unlawful and imposed without statutory authority. *Learning Res., Inc. v. Trump*, 607 U.S. ___ (2026).

---

[1] https://www.pbs.org/newshour/show/what-consumers-can-expect-as-de-minimis-exemption-ends#:~:text=Americans%20are%20no%20longer%20able,at%20the%20libertarian%20Cato%20Institute.

19. As a result of that decision, the tariffs that Defendants relied upon to impose charges on Plaintiff and Class members were unlawful, invalid, and void.

20. Despite lacking lawful authority, Defendants charged, collected, and retained tariff-related fees from Plaintiff and Class Members.

21. Defendants were not authorized by contract, statute, or law to charge or retain unlawful tariff-related fees.

22. Defendants' conduct breached their contracts with Plaintiff and Class members and violated the fundamental obligation of good faith and fair dealing inherent in those agreements.

23. Defendants were unjustly enriched by collecting and retaining money to which it was not legally entitled.

24. Plaintiff and Class members suffered economic injury as a direct result of Defendants' conduct, including payment of unlawful tariff-related charges and associated fees.

25. Defendants' conduct was uniform and systematic, affecting thousands of customers nationwide, and was carried out pursuant to standardized policies, practices, and contractual terms.

26. Plaintiff brings this action on behalf of himself and all similarly situated persons to recover damages, restitution, disgorgement, and equitable relief arising from Defendants' unlawful conduct.

27. Absent relief from this Court, Defendants will continue to retain funds obtained through unlawful charges.

## PLAINTIFF'S ALLEGATIONS

28. In late 2025, Plaintiff placed an order on Amazon.com with a seller located in India for a velvet blazer.

29. On or about December, 2025 the Amazon.com seller shipped the order via FedEx.

30. Following the purchase, on January 27, 2026 Plaintiff received an invoice in the mail from FedEx directing him to pay $18.73 in IEEPA tariffs and/or fees related to the purchase.

31. Specifically, Plaintiff was charged $3.73 in "Customs Duty" and $15.00 in "Disbursement Fee", both of which arose out of the IEEPA tariffs.

32. On February 14, 2026, Plaintiff wrote a check to FedEx for $18.73.

33. Upon information and belief, on February 28, 2026, FedEx deposited the check.

34. On March 2, 2026, Plaintiff received notice that the $18.73 had been withdrawn from his account.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of himself and as a class action for all others similarly situated, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class is defined as follows:

> **Nationwide Class**: All customers of Defendants who were assessed additional fees, surcharges, duties, and other tariff-related amounts purportedly imposed pursuant to tariffs declared under the IEEPA (the "Class").

36. This Nationwide Class shall be referred to herein as the "Class."

37. Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

38. Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and judicial officers and their immediate family members and associated court staff assigned to this case.

39. The particular members of the Class are capable of being described without difficult

managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendants or their affiliates and agents and from major retail sellers.

40. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

41. The proposed Class is so numerous that the joinder of all members is impracticable.

42. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

43. **Numerosity (Fed. R. Civ. P. 23(a)(1)):** Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown currently, such information is in the sole possession of Defendants and obtainable by Plaintiff only through the discovery process.

44. **Commonality (Fed. R. Civ. P. 23(a)(2)):** There are questions of law and fact common to the Class that are capable of generating common answers, including: whether Defendants engaged in the uniform conduct, practices, representations, omissions, or policies alleged herein; whether Defendants' conduct was unlawful, unfair, deceptive, misleading, or otherwise actionable under applicable federal and state law; whether Defendants breached duties owed to Plaintiff and Class Members; whether Defendants knew or should have known of the tariffs and custom duties imposed were done so unlawfully; whether Defendants' conduct caused injury to Plaintiff and Class Members; whether Defendants were unjustly enriched as a result of the conduct alleged herein; and whether Defendants are liable to Plaintiff and Class Members for damages, restitution, disgorgement, or other equitable relief.

45. **Typicality (Fed R. Civ. P. 23(a)(3)):** Plaintiff's claims are typical of the claims of the members of the Class, because, *inter alia*, all Class Members have been injured through the uniform misconduct described above. Moreover, Plaintiff's claims are typical of the Class Members' claims because Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class. In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other members of the proposed Class.

46. **Adequacy (Fed. R. Civ. P. 23(a)(4)):** Plaintiff will fairly and adequately protect the interest of the members of the Class. Plaintiff and the members of the Class were all assessed tariffs and other collection duties as a result of the tariffs imposed by the United States pursuant to IEEPA. Plaintiff has retained competent counsel experienced in complex litigation and class action litigation. Plaintiff has no antagonistic interests to those of the Class, and Defendant has no defenses unique to Plaintiff.

47. **Injunctive and/or Declaratory Relief (Fed. R. Civ. P. 23(b)(2))**: Defendants have acted on grounds that apply generally to the proposed Class, making declaratory and injunctive relief appropriate with respect to the proposed Class as a whole. Defendants' uniform practice of collecting tariffs imposed by the United States pursuant to IEEPA from consumers and failing to reimburse consumers for these unlawful tariffs warrants class-wide declaratory and injunctive relief.

48. **Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)):** A class action is superior to all other available means for the fair and efficient adjudication of claims of Plaintiff and Class Members. There are questions of law and fact common to all Class Members that predominate over questions affecting only individual Class Members. The damages or other financial detriment suffered by individual Class Members is relatively small compared to the

burden and expense that would be incurred by individual litigation of their claims against Defendants. It would be virtually impossible for a member of the Class, on an individual basis, to obtain effective redress for the wrongs committed against him or her. Further, even if the Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. On the other hand, the class action device provides the benefits of adjudication of these issues in a single proceeding, economics of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

49. Plaintiff seeks monetary damages, including compensatory damages on behalf of the Class, and other equitable relief on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described. Unless a Class is certified, Defendants will be allowed to profit from their unfair and unlawful practices, while Plaintiff and the members of the Class will have suffered damages. Unless a Class-wide injunction is issued, Defendants may continue to benefit from these alleged violations, and the members of the Class may continue to be unfairly treated making final injunctive relief appropriate with respect to the Class as a whole.

50. **Common Questions of Fact and Law (Fed. R. Civ. P. 23(b)(4)):** This action involves questions of law and fact common to the Class. The common legal and factual questions include, but are not limited to, the following:

    a. Whether Defendants engaged in the uniform conduct, practices, representations, omissions, or policies alleged herein;

b. Whether Defendants' conduct was unlawful, unfair, deceptive, misleading, or otherwise actionable under applicable federal and state law;

c. Whether Defendants breached duties owed to Plaintiff and Class Members;

d. Whether Defendants knew or should have known of the tariffs and custom duties imposed were done so unlawfully;

e. Whether Defendants' conduct caused injury to Plaintiff and Class Members;

f. Whether Defendants were unjustly enriched as a result of the conduct alleged herein; and

g. Whether Defendants are liable to Plaintiff and Class Members for damages, restitution, disgorgement, or other equitable relief.

51. These common questions are capable of class wide resolution because they arise from Defendants' uniform conduct and do not depend on individualized proof. The determination of these issues will resolve central aspects of Defendants' liability in a single adjudication and will materially advance the resolution of this litigation.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

52. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

53. Plaintiff and members of the Class entered into contracts with Defendants for shipping, brokerage, customs clearance, and related services (the "Shipping Contracts").

54. The Shipping Contracts include Defendants' Terms and Conditions, Service Guides, brokerage agreements, and related shipping documentation, which govern the parties' rights and obligations.

55. Under the Shipping Contracts, Defendants agreed to provide shipping and customs clearance services in exchange for specified fees and charges.

56. The Shipping Contracts authorize Defendants to collect and pass through only lawful duties, taxes, or governmental charges actually owed in connection with importation.

57. The Shipping Contracts do not authorize Defendants to charge, collect, or retain unlawful, invalid, or unauthorized duties, tariffs, or related surcharges.

58. Defendants charged Plaintiff and members of the Class additional tariffs, fees, surcharges, duties, and tariff-related amounts purportedly imposed pursuant to tariffs declared under the IEEPA.

59. The contracts, and upon information and belief Defendants' other records, identify the exact amount of the unlawful additional tariffs, fees, surcharges, duties, and tariff-related amounts that Defendants charged. In other words, the unlawful tariffs and related charges were specified by Defendants and passed directly on to Plaintiff and the members of the Class, who then paid those tariffs and related charges.

60. The Supreme Court of the United States has now held that IEEPA does not authorize the United States to impose those tariffs, and that such tariffs were unlawful and imposed without statutory authority.

61. As a result, the tariff-related charges Defendants imposed and collected were unlawful and not authorized governmental duties.

62. By charging and collecting unlawful tariff-related fees, Defendants breached the express terms of the Shipping Contracts.

63. Defendants further breached the Shipping Contracts by failing to refund unlawful charges collected from Plaintiff and Class members.

64. Defendants' conduct also breached the implied covenant of good faith and fair dealing inherent in every contract.

65. Defendants exercised their contractual discretion in bad faith by charging and retaining fees that were not legally owed and that Defendants were not authorized to impose. Defendants' conduct deprived Plaintiff and Class members of the benefit of their bargain, which was to pay only lawful and authorized shipping-related charges.

66. As a direct and proximate result of Defendants' breaches, Plaintiff and Class members suffered damages, including but not limited to:

   a. Payment of unlawful tariff-related charges;

   b. Payment of unlawful brokerage and related fees;

   c. Overpayment for shipping services; and

   d. Loss of use of money.

67. Plaintiff and Class members are entitled to recover damages, restitution, and all other relief permitted by law.

**COUNT II**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**

68. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

69. Plaintiff pleads the equitable remedy of "unjust enrichment" or "restitution" as an alternative remedy should the Court deem there was no contract between the Plaintiff and Defendants.

70. Plaintiff and Class members conferred a direct financial benefit upon Defendants by paying tariff-related charges, fees, and surcharges imposed by Defendants.

71. Defendants knowingly received and accepted these benefits.

72. The tariff-related charges Defendants imposed and collected were unlawful and unauthorized.

73. Defendants collected and retained funds to which they were not legally entitled.

74. Defendants also collected brokerage fees, administrative fees, and related charges based upon unlawful tariffs.

75. Defendants retained these funds despite knowing, or having reason to know, that such charges were unlawful, invalid, or subject to refund.

76. It would be inequitable and unjust for Defendants to retain these funds.

77. Plaintiff and the Class members are entitled to recover from Defendants regardless of whether Defendants, as the "importer of record" (or whether there is another importer of record), ultimately receive a refund from the United States. But Defendants have already sued the United States for a "full refund" of all the tariffs that it has paid (including those that were actually paid by Plaintiff and the Class members), and so have 1,500 other companies.[2] It would be manifestly unjust and inequitable for Defendants to retain money that Plaintiff and the Class members wrongfully paid to Defendants, regardless of whether Defendants are reimbursed any of that money, but that is especially true if Defendants are reimbursed any of that money.

78. Plaintiff and Class members suffered economic injury as a result of Defendants' unjust retention of these funds.

79. Defendants were unjustly enriched at the expense of Plaintiff and Class members.

80. Equity and good conscience require that Defendants disgorge all unlawfully obtained funds and make restitution to Plaintiff and Class members.

---

[2] https://www.nytimes.com/2026/02/24/business/dealbook/fex-tariff-refund.html

13

## COUNT III
### DECLARATORY RELIEF
**(On Behalf of Plaintiff and the Class)**

81. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

82. An actual, justiciable controversy exists between Plaintiff and Defendants regarding the rights and obligations of the parties with respect to fees collected by Defendants from Plaintiff and Class Members authorized by the IEEPA. This controversy is not hypothetical or abstract.

83. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that:

a. Defendants engaged in uniform conduct of charging tariffs authorized by the IEEPA to consumers such as Plaintiff and Class Members when those tariffs and customs duties were not lawfully authorized;

b. Defendants breached duties owed to Plaintiff and Class Members;

c. Defendants knew or should have known that the tariffs and customs duties were unlawfully imposed;

d. Defendants' conduct caused injury to Plaintiff and Class Members; and

e. Defendants are obligated to return to Plaintiff and proposed Class Members all IEEPA tariffs and customs duties collected from them together with interest.

84. Declaratory relief is necessary and appropriate because Defendants collected duties and fees pursuant to tariffs that the Supreme Court has declared were never lawfully authorized and Defendants have not returned those sums to consumers who paid them. Without judicial intervention, Plaintiff and the Class have no assurance that Defendants will return the unlawfully collected sums.

85. Class members have no alternative remedy. Because Defendants served as the

importer of record, only Defendants have standing to seek a refund from the government. Individual consumers cannot file suit in the Court of International Trade to recover duties they paid through Defendants. Without the declaratory relief sought in this action, Class members will be left without any mechanism to recover the unlawful tariffs and fees they were forced to pay.

## COUNT IV
## MONEY HAD AND RECEIVED
### (On Behalf of Plaintiff and the Class)

86.    Plaintiff incorporates all previous paragraphs as if fully set forth herein.

87.    Defendants received money from Plaintiff and Class Members in the form of IEEPA tariffs and fees that Defendants billed and collected from them.

88.    Defendants received this money for the purpose of repaying itself the IEEPA tariffs it had advanced, as the importer of record, as lawfully assessed duties on imported goods, and for the purpose of compensating itself for customs entry processing services. The Supreme Court has now held that the IEEPA tariffs were never lawfully authorized. The fees had no lawful basis.

89.    The consideration for these payments has failed in whole. Proposed Class Members paid Defendants to satisfy a duty obligation that never lawfully existed and to compensate Defendants for customs processing that was necessitated solely by an unlawful tariff regime.

90.    In equity and good conscience, Defendants should not be permitted to retain these funds. The money belongs to Plaintiff and the Class, and Defendants are obligated to return it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other Members of the Class alleged herein, respectfully request that the Court enter judgment in their favor and against Defendants as follows:

A.    For an order certifying the Class and naming Plaintiff as the representative for

15

the Class and Plaintiff's attorneys as Class Counsel;

B. For an order declaring that Defendants' conduct violates the causes of action referenced herein;

C. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive and declaratory relief as pleaded or as the Court may deem proper;

H. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

I. For an order providing for all other such equitable relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint and of all issues in this action so triable as of right.

Dated: March 6, 2026.

Respectfully Submitted,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV, BPR #23045
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com

Matthew E. Lee*
Jeremy R. Williams*
Patrick M. Wallace*

16

**LEE SEGUI PLLC**
900 W. Morgan Street
Raleigh, NC 27601
Telephone: (919) 451-6311
mlee@leesegui.com
jwilliams@leesegui.com
pwallace@leesegui.com

*\*pro hac vice* forthcoming

*Attorneys for Plaintiff & Proposed Class*