**Query**    **Reports**    **Utilities**    **Help**    **What's New**    **Log Out**

LR16.2 TR4

# U.S. District Court
## Western District of Tennessee (Memphis)
## CIVIL DOCKET FOR CASE #: 2:26-cv-02290-SHL-atc

Tran v. Fedex Corporation
Assigned to: Chief Judge Sheryl H. Lipman
Referred to: Magistrate Judge Annie T. Christoff
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 03/18/2026
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Jared Tran**
*individually and on behalf of all others*
*similarly situated*

represented by **J. Gerard Stranch , IV**
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue
Freedom Building
Ste 200
Nashville, TN 37203
615-254-8801
Fax: 615-250-3937
Email: gstranch@stranchlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Fedex Corporation**

represented by **Brandon D. Pettes**
FEDERAL EXPRESS CORPORATION
Employment Litigation
3620 Hacks Cross Rd.
Building B
2nd Floor
Memphis, TN 38125
901-434-8537
Email: brandon.pettes@fedex.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

[ Email Attorneys, Primary Addresses ]
[ Email Attorneys, Primary and Secondary Addresses ]

| Date Filed | # | Docket Text |
|---|---|---|
| 03/18/2026 | 1 | COMPLAINT against Fedex Corporation (Filing fee $ 405 receipt number BTNWDC-4915660), filed by Jared Tran. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(Stranch, J.) (Entered: 03/18/2026) |

| 03/18/2026 | 2 | Chief Judge Sheryl H. Lipman and Magistrate Judge Annie T. Christoff added. (mf) (Entered: 03/18/2026) |
|---|---|---|
| 03/18/2026 | 3 | NOTICE TO COMPLY WITH PLAN FOR ALTERNATE DISPUTE RESOLUTION (ADR): Pursuant to Section to 2.1 of the ADR Plan, all civil cases filed on or after Sept. 1, 2014, shall be referred automatically for ADR. For compliance requirements, refer to the ADR Plan at: http://www.tnwd.uscourts.gov/pdf/content/ADRPlan.pdf (mf) (Entered: 03/18/2026) |
| 03/18/2026 | 4 | NOTICE OF CASE TRACKING ASSIGNMENT PURSUANT TO LOCAL RULE 16.2: Pursuant to Local Rule 16.2, this case has been assigned to the Standard track. http://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (mf) (Entered: 03/18/2026) |
| 03/18/2026 | 5 | NOTICE OF RIGHT TO CONSENT TO THE EXERCISE OF CIVIL JURISDICTION BY A MAGISTRATE JUDGE Pursuant to 28 U.S.C. 636(c), Fed.R.Civ.P.73, and Local Rule 72.1, this Court has designated the Magistrate Judges of this District to conduct trials and otherwise dispose of any civil case that is filed in this Court. Your decision to consent, or not consent, to the referral of your case to a United States Magistrate Judge for trial and entry of a final judgment must be entirely voluntary. The judge or magistrate judge to whom the case has been assigned will not be informed of your decision unless all parties agree that the case may be referred to a magistrate judge for these specific purposes. A less than unanimous decision will not be communicated by this office to either the judge or magistrate judge. The consent form (form AO 85) is available on the US Courts website at https://www.uscourts.gov/forms-rules/forms. (mf) (Entered: 03/18/2026) |
| 03/18/2026 | 6 | Summons Issued as to Fedex Corporation. The filer has been notified electronically that the summons has been issued, and the new docket entry reflects this. Upon notification of the new docket entry, the filer is to print the issued summons in order to effect service. (mf) (Entered: 03/18/2026) |
| 04/06/2026 | 7 | SUMMONS Returned Executed by Jared Tran as to Fedex Corporation. (Stranch, J.) (Entered: 04/06/2026) |
| 04/08/2026 | 8 | NOTICE of Appearance by Brandon D. Pettes on behalf of Fedex Corporation (Pettes, Brandon) (Entered: 04/08/2026) |

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **JARED TRAN, individually and on behalf of all others similarly situated,** | |
| *Plaintiff,* | |
| **v.** | Case No.:_____ |
| **FedEx Corporation,** | |
| *Defendant.* | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Jared Tran, ("Plaintiff") brings this Class Action Complaint against Defendant FedEx Corporation, ("Defendant" or "FedEx") as an individual and on behalf of all others similarly situated, and alleges, upon personal knowledge as to Plaintiff's own actions and to counsels' investigation, and upon information and belief as to all other matters, as follows:

### PARTIES, JURISDICTION & VENUE

1.      Plaintiff Jared Tran is a resident citizen of the State of Utah. Plaintiff has purchased goods through private carriers such as the Defendant and was required to pay tariffs for the shipment of goods coming from other countries which were collected by the Defendant.

2.      Defendant FedEx Corporation is an American company registered in Delaware.  In Delaware their Registered Agent is CT Trust Company located at Corporation Trust Center 1209 Orange Street Wilmington, DE 19801.  Its principal place of business or headquarters is located at 942 Shady Grove Rd S in Memphis, TN 38120.  In Tennessee, their Registered Agent is CT Corporation located at 300 Montvue Rd, Knoxville, TN 37919-5546.

1

3. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C.§1332, because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from each Defendant.

4. This Court has personal jurisdiction over Defendant, because its principal place of business is in this District. Defendant has also purposefully availed itself of the laws, rights, and benefits of the State of Tennessee.

5. Venue is proper under 28 U.S.C. §1391 because a Defendant maintains a principal place of business in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in and emanated from this District.

## FACTUAL ALLEGATIONS

6. This is a class action seeking restitution, damages, and equitable relief arising from Defendant FedEx unlawfully charging and collecting tariff-related fees from Plaintiff and thousands of similarly situated consumers and businesses throughout the United States.

7. Defendant operates as common carrier and customs broker, providing shipping, logistics, and import clearance services for goods transported into the United States. In that capacity, Defendant routinely charged their customers purported "duties," "tariffs," and related surcharges as part of the importation and delivery process.

8. Section 321(a)(2)(C) of the Tariff Act of 1930, as amended, includes a subsection commonly known as the *de minimis* exemption, which authorizes the Secretary of the Treasury to waive certain duties, fees, and other taxes on certain low-value imports.

9.      In 2024, for example, there were nearly four million low value imports a day, and roughly 1.3 billion overall.[1]

10.     In or around August 2025, the federal government ended the *de minimis* exemption for low-value imports, which allowed shipments under $800.00 to enter the United States duty-free. As a result, every shipment, regardless of its value, became subject to duties, taxes, and processing fees.

11.     Beginning in 2025, Defendant imposed and collected tariff-related charges purportedly authorized under the International Emergency Economic Powers Act ("IEEPA").

12.     On February 20, 2026, the Supreme Court of the United States held that IEEPA does not authorize the President to impose tariffs and that such tariffs were unlawful and imposed without statutory authority. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

13.     As a result of that decision, the tariffs Defendant relied upon to impose charges on Plaintiff and Class members were unlawful, invalid, and void.

14.     Despite lacking lawful authority, Defendant charged, collected, and retained tariff-related fees from Plaintiff and Class members.

15.     Defendant was not authorized by contract, statute, or law to charge or retain unlawful tariff-related fees.

16.     Defendant's conduct breached their contracts with Plaintiff and Class members and violated the fundamental obligation of good faith and fair dealing inherent in those agreements.

17.     Defendant was unjustly enriched by collecting and retaining money to which they were not legally entitled.

---

[1] https://www.pbs.org/newshour/show/what-consumers-can-expect-as-de-minimis-exemption-ends#:~:text=Americans%20are%20no%20longer%20able,at%20the%20libertarian%20Cato%20Institute.

18.     Plaintiff and Class members suffered economic injury as a direct result of Defendant's conduct, including payment of unlawful tariff-related charges and associated fees.

19.     Defendant's conduct was uniform and systematic, affecting thousands of customers nationwide, and was carried out pursuant to standardized policies, practices, and contractual terms.

20.     Plaintiff brings this action on behalf of himself and all similarly situated persons to recover damages, restitution, disgorgement, and equitable relief arising from Defendant's unlawful conduct.

21.     Absent relief from this Court, Defendant will continue to retain funds obtained through unlawful charges.

22.     Plaintiff Jared Tran made a personal purchase of certain skiwear from Pohl Handels GMBH, a company in Germany, in early 2026, through www.bobleisure.com. He was not aware of any tariff fees attaching to the product he purchased. On February 2, 2026, he received an invoice from FedEx in the amount of $65.10 (Account No. 9429-3043-7, Invoice No. 2-490-31077). Consequently, Mr. Tran made the payment.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on behalf of himself and as a class action for all others similarly situated, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class is defined as follows:

24.     **Nationwide Class**: All customers of Defendant who were assessed additional fees, surcharges, duties, and other tariff-related amounts purportedly imposed pursuant to tariffs declared under the International Emergency Economic Powers Act (the "Class").

25.     This Nationwide Class shall be referred to herein as the "Class."

26.     Plaintiff reserves the right to amend the Class definitions if further investigation

and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

27.     Excluded from the Class is Defendant, its parents, subsidiaries, affiliates, officers and directors, and judicial officers and their immediate family members and associated court staff assigned to this case.

28.     The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents and from major retail sellers.

29.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

30.     The proposed Class is so numerous that the joinder of all members is impracticable.

31.     This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

32.     **Numerosity: Fed. R. Civ. P. 23(a)(1)** – Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown currently, such information is in the sole possession of Defendant and obtainable by Plaintiffs only through the discovery process.

33.     **Typicality: Fed R. Civ. P. 23(a)(3)** – Plaintiff's claims are typical of the claims of the members of the Class, because, inter alia, all Class Members have been injured through the uniform misconduct described above. Moreover, Plaintiffs' claims are typical of the Class

Members' claims because Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all members of the Class. In addition, Plaintiffs are entitled to relief under the same causes of action and upon the same facts as the other members of the proposed Class and Sub-class.

34.     **Adequacy: Fed. R. Civ. P. 23(a)(4)** – Plaintiff will fairly and adequately protect the interest of the members of the Class. Plaintiff and the members of the Class were all assessed tariffs and other collection duties as a result of the tariffs imposed by the United States pursuant to IEEPA.

35.     Plaintiff will fairly and adequately represent and protect the interest of the Class and has retained competent counsel experienced in complex litigation and class action litigation. Plaintiffs have no antagonistic interest to those of the Class, and Defendant has no defenses unique to Plaintiffs.

36.     **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** – A class action is superior to all other available means for the fair and efficient adjudication of claims of Plaintiff and Class Members. There are questions of law and fact common to all Class Members that predominate over questions affecting only individual Class Members. The damages or other financial detriment suffered by individual Class is relatively small compared to the burden and expense that would be incurred by individual litigation of their claims against Defendant. It would be virtually impossible for a member of the Class, on an individual basis, to obtain effective redress for the wrongs committed against him or her. Further, even if the Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the

court system from the issues raised by this action. On the other hand, the class action device provides the benefits of adjudication of these issues in a single proceeding, economics of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

37.     Plaintiff seeks monetary damages, including compensatory damages on behalf of the Class, and other equitable relief on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described. Unless a Class is certified, Defendant will be allowed to profit from its unfair and unlawful practices, while Plaintiffs and the members of the Class will have suffered damages. Unless a Class-wide injunction is issued, Defendant may continue to benefit from these alleged violations, and the members of the Class may continue to be unfairly treated making final injunctive relief appropriate with respect to the Class as a whole.

38.     **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** – This action involves questions of law and fact common to the Classes. The common legal and factual questions include, but are not limited to, the following:

  a. Whether Defendant engaged in the uniform conduct, practices, representations, omissions, or policies alleged herein;

  b. Whether Defendant's conduct was unlawful, unfair, deceptive, misleading, or otherwise actionable under applicable federal and state law;

  c. Whether Defendant breached duties owed to Plaintiff and Class Members;

  d. Whether Defendant knew or should have known of the tariffs and custom duties  imposed were done so unlawfully;

e. Whether Defendant's conduct caused injury to Plaintiff and Class Members;

f. Whether Defendant was unjustly enriched as a result of the conduct alleged herein;

g. Whether Defendant is liable to Plaintiff and Class Members for damages, restitution, disgorgement, or other equitable relief.

39. These common questions are capable of class wide resolution because they arise from Defendant's uniform conduct and do not depend on individualized proof. The determination of these issues will resolve central aspects of Defendant's liability in a single adjudication and will materially advance the resolution of this litigation.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

40. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

41. Plaintiff and members of the Class entered into contracts with Defendant FedEx for shipping, brokerage, customs clearance, and related services (the "Shipping Contracts").

42. The Shipping Contracts include Defendant's Terms and Conditions, Service Guides, brokerage agreements, and related shipping documentation, which govern the parties' rights and obligations.

43. Under the Shipping Contracts, Defendant agreed to provide shipping and customs clearance services in exchange for specified fees and charges.

44. The Shipping Contracts authorize Defendant to collect and pass through only lawful duties, taxes, or governmental charges actually owed in connection with importation.

45.     The Shipping Contracts do not authorize Defendant to charge, collect, or retain unlawful, invalid, or unauthorized duties, tariffs, or related surcharges.

46.     Defendant charged Plaintiff and Class members additional fees, surcharges, duties, and tariff-related amounts purportedly imposed pursuant to tariffs declared under the International Emergency Economic Powers Act ("IEEPA").

47.     The Supreme Court of the United States has now held that IEEPA does not authorize the President to impose tariffs, and that such tariffs were unlawful and imposed without statutory authority.

48.     As a result, the tariff-related charges Defendant imposed and collected were unlawful and not authorized governmental duties.

49.     By charging and collecting unlawful tariff-related fees, Defendant breached the express terms of the Shipping Contracts.

50.     Defendant further breached the Shipping Contracts by failing to refund unlawful charges collected from Plaintiff and Class members.

51.     Defendant's conduct also breached the implied covenant of good faith and fair dealing inherent in every contract.

52.     Defendant exercised their contractual discretion in bad faith by charging and retaining fees that were not legally owed and that Defendants were not authorized to impose.

53.     Defendant's conduct deprived Plaintiff and Class members of the benefit of their bargain, which was to pay only lawful and authorized shipping-related charges.

54.     As a direct and proximate result of Defendants' breaches, Plaintiff and Class members suffered damages, including but not limited to:

     a.     Payment of unlawful tariff-related charges;

b.      Payment of unlawful brokerage and related fees;

c.      Overpayment for shipping services; and

d.      Loss of use of money.

55.     Plaintiff and Class members are entitled to recover damages, restitution, and all other relief permitted by law.

**COUNT II**
**UNJUST ENRICHMENT**

56.     Plaintiff incorporates all previous paragraphs as if fully set forth herein.

57.     Plaintiff pleads the equitable remedy of "unjust enrichment" or "restitution" as an alternative remedy should the court deem there was no contract between the Plaintiff and FedEx.

58.     Plaintiff and Class members conferred a direct financial benefit upon Defendant by paying tariff-related charges, fees, and surcharges imposed by Defendant.

59.     Defendant knowingly received and accepted these benefits.

60.     The tariff-related charges Defendant imposed and collected were unlawful and unauthorized.

61.     Defendant collected and retained funds to which they were not legally entitled.

62.     Defendant also collected brokerage fees, administrative fees, and related charges based upon unlawful tariffs.

63.     Defendant retained these funds despite knowing, or having reason to know, that such charges were unlawful, invalid, or subject to refund.

64.     It would be inequitable and unjust for Defendant to retain these funds.

65.     Plaintiff and Class members suffered economic injury as a result of Defendant's unjust retention of these funds.

66.     Defendant was unjustly enriched at the expense of Plaintiff and Class members.

10

67.     Equity and good conscience require that Defendant disgorge all unlawfully obtained funds and make restitution to Plaintiff and Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other Members of the Class alleged herein, respectfully request that the Court enter judgment in their favor and against the Defendant as follows:

A.     For an order certifying the Class and naming Plaintiff as the representative for the Class and Plaintiffs' attorneys as Class Counsel;

B.     For an order declaring that Defendant's conduct violates the causes of action referenced herein;

C.     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D.     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.     For prejudgment interest on all amounts awarded;

F.     For an order of restitution and all other forms of equitable monetary relief;

G.     For injunctive relief as pleaded or as the Court may deem proper;

H.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

I.     For an order providing for all other such equitable relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint and of all issues in this action so triable as of right.

11

Dated: March 18, 2026.

Respectfully Submitted,

/s/ Gerard Stranch, IV
J. Gerard Stranch, IV (BPR #23045)
Michael Tackeff (BPR #036953)
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

*Attorneys for Plaintiff & Proposed Class*